# Third District Court of Appeal

## State of Florida

Opinion filed March 17, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0171
Lower Tribunal Nos. 19-5935 CC, 20-165 AP

_____

**Victor R. Griffin,**
Appellant,

vs.

**City of Sweetwater Police Department,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Michael G. Barket, Judge.

Victor R. Griffin, in proper person.

The Law Office of Ray Garcia, P.A., and Ray Garcia and Nicole M. Garcia, for appellee.

Before FERNANDEZ, HENDON and BOKOR, JJ.

BOKOR, J.

Victor R. Griffin, appearing pro se in both the trial court and as appellant here, filed a complaint in county court, seeking recovery of monies seized by appellee under the Florida Contraband Forfeiture Act. See Fla. Stat. §§ 932.701-932.7062. Appellant alleged a wide array of bases for recovery, and appellant sought dismissal of the complaint, amended complaint, and second amended complaint. The trial court granted each motion to dismiss, in whole or in part, and finally granted a dismissal of the second amended complaint in its entirety and with prejudice.[1] Appellant timely appeals the trial court's order of dismissal with prejudice.

---

[1] Appellant makes much ado about the impropriety of the August 5, 2020 order, now on appeal, originally being an order of dismissal without prejudice, later changed to a dismissal with prejudice. Appellee moved to dismiss the second amended complaint with prejudice. However, the order that resulted from the hearing granted the dismissal without prejudice. Appellee moved for clarification and the trial court entered a corrected order of dismissal with prejudice. Appellant seems to argue that the trial court intended to dismiss the complaint without prejudice, so this corrected order should not be permitted to stand. As we do not have the benefit of a transcript of any hearing, we must assume the trial court's entry of a corrected order reflects the trial court's expressed intention at the hearing. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979). Additionally, if the trial court originally intended to dismiss without prejudice and later changed its mind, the trial court possesses "inherent authority to reconsider and, if deemed appropriate, alter or retract any of its nonfinal rulings prior to entry of the final judgment or order terminating an action . . . ." Seigler v. Bell, 148 So. 3d 473, 478–79 (Fla. 5th DCA 2014) (citing Silvestrone v. Edell, 721 So. 2d 1173, 1175 (Fla. 1998)). We therefore find no basis to conclude that there was anything procedurally

## FACTUAL AND PROCEDURAL BACKGROUND

The basic factual background, greatly condensed since most of it is irrelevant at this stage of the pleadings, starts with appellant taking a six-month trip to Ghana for some internet gambling. He allegedly intended to fund the gambling portion of this monthslong junket by sending $7,000 of money orders (interestingly, not one money order for the full amount but multiple smaller-denomination money orders) from Ghana to an internet sports book in Panama. However, the City of Sweetwater Police Department intercepted the money orders in the United States. Appellant caught wind of the seizure and got in contact with representatives of appellees to figure out what happened and why.

Without any resolution, and with the Sweetwater Police Department in possession of the seized gambling funds, Appellant filed a lawsuit in county court seeking return of the seized funds alleging a variety of procedural defects and substantive arguments purporting to show that he would have prevailed in any forfeiture action. Appellant contends the seizure of the funds did not comply with the requirements of the Florida Contraband Forfeiture Act in several aspects, most relevant for our review,

improper with the genesis of the August 5, 2020 corrected order. This opinion addresses the merits of the appeal—whether the trial court erred as a matter of law in granting a dismissal with prejudice.

3

that he did not receive notice of the seizure and claim for forfeiture as required by section 932.703(3)(a).[2]

Appellee moved to dismiss the original complaint, but appellant filed an amended complaint. Appellee then moved to dismiss the amended complaint, which motion was heard by the trial court. On January 8, 2020, the trial court granted the motion to dismiss in part and denied it in part. The January 8, 2020 order specifically denied appellee's lack of standing argument. Instead, the order granted dismissal without prejudice and required appellant to specify the basis for recovery ("i.e., to specify what Defendant allegedly did wrong") and noted that the exhibits need to be attached to each iteration of the complaint.

---

[2] The action on appeal is NOT a forfeiture proceeding. Accordingly, we take no position as to the merits of appellee's defenses if they had been presented in a forfeiture hearing. We note however that any such defense or argument as to the merits of the forfeiture, or defenses thereto, would only be proper in the context of a forfeiture proceeding and cannot form the basis of a standalone claim. See, e.g., Fla. Stat. § 932.704 (establishing forfeiture proceedings as a circuit court cause of action brought by the agency seeking seizure of alleged contraband). Appellant's most pertinent factual and legal basis, likely the only one permitted in the underlying cause of action, is that appellee failed to provide him with the proper notice and therefore violated his procedural due process rights under the forfeiture statute. Accordingly, as explained herein, this appeal focuses on whether it was appropriate to dismiss THIS stand-alone claim with prejudice to the extent that appellant alleges he was never provided with the statutorily-required notice of seizure and opportunity to contest such seizure.

Appellant then filed a second amended complaint. Appellee again moved to dismiss, focusing on the conclusory nature of the allegations, the "jumble" of law and facts, and the purported lack of clarity as to the relief sought. Additionally, appellee argues that dismissal is proper due to appellant's failure to request a hearing within 15 days of receipt of the notice that was sent via certified mail, and the applicability of a statute of limitations. On August 5, 2020 the unelaborated order of dismissal was issued with prejudice. This appeal ensues.

**ANALYSIS**

Where a trial court grants a motion to dismiss with prejudice based on too many attempts to plead a cognizable complaint, we review such dismissal for abuse of discretion. See Kohn v. City of Miami Beach, 611 So. 2d 538, 539 (Fla. 3d DCA 1992). "While there is no magical number of amendments which are allowed, we have previously observed that with amendments beyond the third attempt, dismissal with prejudice is generally not an abuse of discretion." Id. While we do not hold pro se litigants to any lesser standards of compliance with the law and relevant rules of court, we also note that we cannot hold them to a greater standard. Here, appellant has only been permitted two attempts at amendment. Therefore, the unelaborated order of dismissal of the amended complaint, with prejudice,

5

based on a supposed lack of clarity of the pleadings alone, constitutes an impermissible abuse of discretion under the circumstances.

Notwithstanding the number of amendments, the court would be within its rights to limit amendment based on futility if it were apparent on the face of the pleadings that no combination of facts and legal standards would allow recovery. To the extent this is the basis of the dismissal, we review such a finding of a failure to state a claim de novo. See Laptopplaza, Inc. v. Wells Fargo Bank, NA, 276 So. 3d 375, 378 n.5 (Fla. 3d DCA 2019).

Indeed, there appear to be significant issues with some of appellant's theories of recovery. To wit, many of the possible causes of action or avenues of recovery would be appropriately brought up only in defense to the forfeiture proceeding, which, as explained, this isn't.[3] The one issue, however, that jumps out of all complaints, from the first to the most recent, and shows at least a cognizable claim on its face, is that appellant alleges that he never got notice of the seizure of the money orders and his right to contest such seizure in a forfeiture proceeding.

---

[3] The fact that dismissal may be appropriate for some claims or on some legal theories does not render the properly pled portions insufficient. Instead, the court may dismiss in part, or dismiss certain claims without dismissing the properly pled portions.

6

Simply put, dismissing the cognizable claim of a failure to provide statutory notice constitutes reversible error under any standard of review.[4]

Nor can we discern any alternative basis to support dismissal with prejudice of the entire operative complaint. Appellee argues in the most recent motion to dismiss that if the court can find a cognizable claim, "then it should be dismissed for failing to comply and respond to the notice by U.S. Certified mail within the 15 days and as required by Sec. 932.703(3)(a)." Appellee's argument here misses the mark for two reasons. First, it belies appellee's argument that the complaint fails to state a claim when appellee was able to discern from the complaint (and incorporate in the motion to dismiss) exactly the factual and legal predicate for the claim of lack of notice. Instead, the claim is exactly what appellee suggests—it is a claim that the ultimate forfeiture was procedurally improper because appellee allegedly failed to comply with the notice procedure required by the operative statute. Second, to the extent that appellee is correct that appellee sent such a notice by certified mail in compliance with the statute, absent anything of which we can appropriately

---

[4]Most of the legal arguments would be appropriate only in a forfeiture proceeding and therefore cannot state a claim here. However, it would be a violation of any concept of due process to accept appellee's argument that appellant cannot proceed on a lack of statutory notice claim because he didn't seek an adversarial forfeiture proceeding under the statute within 15 days of receiving the notice he claims he never got.

take judicial notice at this stage of the proceedings (i.e., res judicata based on a finding from another court, something attached to the complaint that contradicts the assertion that it was not sent), that constitutes a contested factual issue not properly resolved by a motion to dismiss.

Specifically, appellant alleges he did not receive the notice, which is sufficient here to defeat a motion to dismiss on that issue. Similarly, the statute of limitations defense raised by appellee is not readily apparent on the face of the complaint or attachments. Both may be affirmative defenses and, as appropriate, bases for summary judgment. But they cannot support a dismissal of that well-pled portion of the operative complaint.

## CONCLUSION

Therefore, the trial court's order of dismissal with prejudice is affirmed in part as it pertains to claims other than that claim based on appellant's contention that appellee failed to comply with statutory notice provisions. The order is reversed in part as it pertains to the claim alleging lack of compliance with a legal duty of notice pursuant to the statute.

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.

8